# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**DANIELLE L. HECKATHORN,**                    CASE NO. 4:20 CV 2820

     Petitioner,

     v.                                    JUDGE JAMES R. KNEPP II

**WARDEN TERI BALDAUF,**

     Respondent.                          **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

*Pro se* Petitioner Danielle L. Heckathorn ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. This case was referred to Magistrate Judge Darrell A. Clay for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2).[1] On August 9, 2021, Judge Clay issued an R&R recommending the Petition be denied in its entirety. (Doc. 25). On September 28, 2021 – following this Court's grant of an extension of time – Petitioner filed her Objections thereto. (Doc. 33).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court OVERRULES Petitioner's Objections, ACCEPTS the R&R, and DENIES Petitioner's habeas Petition.

---

1. This case was originally referred to Magistrate Judge Thomas M. Parker, and later reassigned to Magistrate Judge Darrell A. Clay. *See* Non-document entries dated February 1, 2021, May 20, 2021.

BACKGROUND

This case, filed December 22, 2020, stems from Petitioner's jury trial conviction in the Columbiana County, Ohio Court of Common Pleas for complicity to murder, evidence tampering, conspiracy to commit and complicity to robbery, as well as obstructing justice. *State v. Heckathorn*, 2019-Ohio-1086, ¶ 28 (Ohio Ct. App.) ("*Heckathorn I*").

In her Petition, Petitioner raises fourteen grounds for relief:

1. The prosecutors for the State committed prosecutorial misconduct; up to and including suborning perjury, the filing of misleading documents, Brady violations, and allowing false testimony to stand without correction during [Petitioner's] trial – in violation of her Sixth Amendment right to a fair trial and her Fourteenth Amendment right to due process.

2. Prosecution commi[tt]ed misconduct, trial counsel was ineffective, and the trial court abused it[s] discretion by allowing the admittance of highly prejudicial photographs and statements; violating [Petitioner's] 5th, 6th, and 14th Amendment rights to the U.S. Constitution, as well as the Ohio Constitution Article 1 section 16, and Ohio Evidence Rules 403 and 404(A).

3. Prosecutor committed misconduct and prejudiced [Petitioner's] case by riding on the bus with the jury for the jury view – where no member of the defense was present, and no record was kept of proceedings or communications – then making unsanctioned stops on that Jury view and interjecting more prejudice; Jurors were not rehabilitated, violating [Petitioner's] right to a fair trial to an impartial jury, and to due process.

4. Trial counsel, Peter Horvath, provided ineffective assistance of counsel, resulting in violations of [Petitioner's] 5th, 6th, and 14th Amen[d]ment rights to effective counsel fair trial, and impartial jury, the right to present a complete defense, and the right to due process.

5. Insufficient evidence to sustain a conviction for Complicity to Murder under O.R.C. 2903.02(A) and O.R.C. 2923.03(A)(2); in violation of her 5th and 14th Amendment U.S. Constitutional right to Due Process, and Ohio Constitution Article 1 section 10.

6. Insufficient evidence to sustain a conviction for multiple Obstruction charges and/or a conviction for Complicity to Robbery; violating her right to due process under the 5th and 14th Amendments to the U.S. Constitution and Ohio Constitution Article 1 section 10.

7. Insufficient evidence to sustain a conviction for Tampering with Evidence under the 5th and 14th Amendments to the U.S. Constitution, and Ohio Constitution Article 1 section 10.

8. The prosecution committed misconduct, counsel was ineffective, and the trial court abused it[]s discretion when it imposed consecutive sentencing without making the finding required by O.R.C. 2929.14 during the sentencing hearing.

9. Exculpatory and inculpatory evidence was withheld from the defense in violation of [Petitioner's] 5th and 14[th] Amendment U.S. Constitutional rights to a fair trial and due process.

10. The trial court committed prejudicial error, and the prosecution committed misconduct, when it allowed Detective Haugh to interpret text messages; without necessity, without being qualified, and without taking an interpreter's oath; violating [Petitioner's] 5th and 14th Amendment U.S. Constitutional rights to a fair trial and due process.

11. The trial court abused it[s] discretion and committed prejudicial error by allowing the admission of third-hand hearsay, in violation of the Confrontation clause, and in violation of [Petitioner's] 5th and 14th Amendment U.S. Constitutional rights to a fair trial and due process.

12. The trial court erred, the prosecution committed misconduct, and counsel was ineffective, for allowing the admission and use of an improperly conducted polygraph test to infer guilt to the jury.

13. The local Sheriff's Department and the detectives in this case performed an inadequate investigation, leading to a substan[t]ive violation of the Petitioner's 5th and 14th Amendment rights to Due Process, as well as depriving her o[f] her 6th Amendment right to present a complete defense.

14. Cumulative Error and the resulting prejudice at the trial of Petitioner . . . caused the defendant to be denied her rights to a fair trial, an impartial jury, effective assistance of counsel, the presentation of a complete defense, and substantive due process.

(Doc. 1, at 5-32).

In his R&R, Judge Clay first recommends this Court find several of Petitioner's Grounds or Sub-Grounds for relief not cognizable on federal habeas review. Specifically, the R&R recommends the Court dismiss as non-cognizable: (1) Grounds Two, Five, Six, and Seven (to the extent they assert violations of the Ohio Constitution and Ohio evidence rules); (2) Ground Eight;

and (3) Ground Fourteen. (Doc. 25, at 15-16). Next, it recommends this Court find Grounds One, Three, Nine, Ten, Eleven, Twelve, and Thirteen procedurally defaulted. *Id.* at 17-18. Finally, Judge Clay recommends this Court deny on the merits the remaining properly-preserved federal claims: Grounds Two, Four, Five, Six, and Seven. *Id.* at 18-21.

## STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2); *see also Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000).

A federal court may review a state prisoner's habeas petition only on grounds that the challenged confinement violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Because state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters. *See Estelle v. McGuire*, 502 U.S. 62, 63 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see also*

4

*Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) ("[A] violation of state law is not cognizable in federal habeas [ ] unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution.").

## DISCUSSION

Petitioner filed a fifty-page objection to Judge Clay's R&R. (Doc. 33). For the reasons stated below, the Court finds Petitioner's objections not well-taken, and adopts the recommendation that the Petition should be denied in its entirety.

Non-Cognizable Claims

Petitioner first objects to the recommendation that parts of Grounds Two, Five, Six, Seven, Eight, and Fourteen be dismissed as non-cognizable. *See* Doc. 33, at 20. She contends the R&R attempts to "brush aside what are clearly due process claims" and cites her *pro se* status. *Id.* at 24. This Court finds no error in the R&R's cognizability analysis.

### *Grounds Two, Five, Six, and Seven*

The R&R correctly determined Grounds Two, Five, Six, and Seven – to the extent they assert violations of the Ohio Constitution[2] – are not cognizable habeas claims. *See* 28 U.S.C. § 2254; *see also, e.g.*, *Anaya v. Smith*, 2014 WL 315277, at *26 (N.D. Ohio) ("A claimed violation of the Ohio Constitution is not cognizable on federal habeas review because it is not a claim that Anaya is in custody in violation of the Constitution or laws or treaties of the United States.").

The same is true for Petitioner's claim in Ground Two that admission of certain photographs violated Ohio Evidence Rules 403 and 404. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (evaluating whether evidence was admitted in violation of state law or rules "is not part

---

2. To the extent Grounds Two, Five, Six, and Seven assert preserved cognizable habeas claims, they were further addressed in the R&R. *See* Doc. 25, at 18-21.

of a federal court's habeas review of a state conviction" because "'federal habeas corpus relief does not lie for errors of state law.'") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *Moreland v. Bradshaw*, 699 F.3d 908, 923 (6th Cir. 2012) ("In general, alleged errors in evidentiary rulings are not cognizable in federal habeas review.").

To the extent Petitioner contends the admission of the evidence violated due process, she must show the state court's evidentiary rulings were "so egregious that [they] result[ ] in a denial of fundamental fairness." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). But "courts have defined the category of infractions that violate fundamental fairness very narrowly." *Id.* (internal citation and quotation omitted). State-court evidentiary rulings rise to the level of a due process violation only if "they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).

Fundamental fairness challenges based on the admission of graphic photographs at trial are not supported by clearly established Supreme Court law. *See, e.g.*, *Franklin v. Bradshaw*, 695 F.3d 439, 456-57 (6th Cir. 2012) (state court's determination that petitioner's right to fair trial was not denied by admission of eighteen gruesome autopsy photographs of his victims that were shown to jurors on large projector screen during trial for aggravated arson, aggravated robbery, and aggravated murder, was not contrary to clearly established federal law). Specifically, and as is relevant here, the introduction of gruesome photographs of a murder victim does not entitle a petitioner to habeas relief where there is some legitimate evidentiary purpose for the photographs' admission. *See, e.g.*, *Biros v. Bagley*, 422 F.3d 379, 391 (6th Cir. 2005); *Frazier v. Huffman*, 343 F.3d 780, 789 (6th Cir. 2003); *Cooey v. Coyle*, 289 F.3d 882, 893 (6th Cir. 2002)

As the R&R states (Doc. 25, at 19-20), the state appellate court found the photographs admissible. The state appellate court found no error in the admission of Exhibit 100 – a photograph of the victim's body prior to the medical examination – because it illustrated the testimony of the forensic pathologist, and supported other testimony regarding where the victim was killed. *Heckathorn I*, 2019-Ohio-1086 at ¶¶ 68-71. It further found no plain error in the admission of Exhibits 84, 87, and 90, finding they were relevant to the location and condition of the victim's body when it was discovered, as well as relevant to how certain injuries to the victim occurred, among other things. *Id.* at ¶¶ 72-77. Because the photographs served a proper evidentiary purpose, the trial court's decision to admit them did not render Petitioner's trial fundamentally unfair.

*Ground Eight*

The R&R also correctly determined Ground Eight – asserting an error in consecutive sentencing under Ohio law – is not a cognizable claim. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"); *see also Roberts v. Wainwright*, 2020 WL 4018621, at *1 (6th Cir.) ("[Petitioner's] claim regarding the trial court's compliance with section 2929.14(C)(4) asserts only a matter of the application of state sentencing laws and is not cognizable on habeas review.").

Although the Petition attempts to frame Ground Eight through the lens of federal law (through allegations of prosecutorial misconduct, and ineffective assistance of counsel), any such claim is procedurally defaulted for at least two reasons. First, however framed, Petitioner only raised this claim to the Ohio appellate court, *see* Ex. 9, Doc. 11-1, at 28, 66-68, and did not raise it to the Ohio Supreme Court, *see* Ex. 16, Doc. 11-1, at 199-208. Second, to the state appellate court, Petitioner only argued this Ground as a violation of *state* not *federal* law. *See* Ex. 9, Doc. 11-1, at 28, 66-68. Petitioner has thus defaulted any attempt to raise this ground as a federal

constitutional claim. *See Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (to exhaust a claim, it must be "presented to the state courts under the same theory in which it is later presented in federal court" not one that is "separate and distinct").

### Ground Fourteen

The R&R also correctly determined Ground Fourteen – cumulative error – is not a cognizable habeas claim. *See Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006) (cumulative error not cognizable on federal habeas review because Supreme Court has not spoken on the issue). Furthermore, even were such a claim cognizable, if the individual claims making up the cumulative error claim are procedurally barred or without merit, the cumulative error claim "must also fail." *Ramsey v. Phillips*, 2020 WL 9423257, at *3 (6th Cir.). This is the case here as described in the R&R and affirmed herein.

### Procedural Default

Petitioner next objects to the recommendation that Grounds One, Three, Nine, Ten, Eleven, Twelve, and Thirteen be found procedurally defaulted for failure to fairly present them in the state courts. *See* Doc. 33, at 20. She contends the claims are not procedurally defaulted because they "were raised within her state appellate and post-conviction proceedings", but that if they are defaulted, it is due to counsel's actions, not "through any fault of her own" or "because of her own choosing". (Doc. 33, at 24-25). She further seemingly contends her actual innocence should excuse the default. *See id.* at 1, 26. The Court finds no error with the R&R's procedural default recommendations, and further finds Petitioner has not shown cause and prejudice or a miscarriage of justice to overcome the default.

The Sixth Circuit has described Ohio's dual-track procedure for appellate review as follows:

8

> Ohio employs a bifurcated system of appellate review. *See McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 751 (6th Cir. 2013) ("Ohio law appears to contemplate two kinds of [appellate] claims, those based only on evidence in the trial record and those based in part on evidence outside the record."). For the first type of claim—those based only on evidence contained in the trial record—a convicted defendant is expected to raise the claim on direct appeal or else the claim is barred by the doctrine of *res judicata*.
>
> * * *
>
> Only claims involving evidence outside the trial record may first be raised in a petition for state post-conviction relief. *See McGuire*, 738 F.3d at 751–52; *Cole*, 443 N.E.2d at 171 ("Generally, the introduction in [a state post-conviction] petition of evidence *dehors* the record . . . is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of *res judicata*.").

*Hand v. Houk*, 871 F.3d 390, 408-09 (6th Cir. 2017).

Ground One asserts prosecutorial misconduct and *Brady* violations regarding witness Brandi Cope's testimony. (Doc. 1, at 5-6). Ground Three asserts prosecutorial misconduct in the form of the prosecutor riding on the bus with the jury for the jury view. *Id.* at 10. Ground Nine asserts text message evidence was withheld from the defense through the use of modified records. *Id.* at 22. Ground Ten asserts error in the trial court allowing Detective Haugh to interpret text messages without taking an interpreter's oath. *Id.* at 24. Ground Eleven asserts a Confrontation Clause violation. *Id.* at 26. Ground Twelve asserts prosecutorial misconduct and ineffective assistance of counsel in the admission of a polygraph test. *Id.* at 28. And Ground Thirteen asserts errors in the investigation. *Id.* at 30.

First, Petitioner did not raise Grounds Three or Thirteen in any state court proceeding. They are therefore procedurally defaulted.

Second, none of the above claims were raised by Petitioner in her direct appeal to the Ohio appellate court. *See* Ex. 9, Doc. 11-1, at 26-28. Therefore, to the extent Grounds One, Three, Nine, Ten, Eleven, Twelve, and Thirteen are based on the trial record, they are procedurally barred. *See Hand*, 871 F.3d at 408 (citing, *inter alia*, *State v. Cole*, 2 Ohio St. 3d 112 (1982)).

Third, although Petitioner attempted to raise some claims related to Grounds One, Nine, Ten, Eleven, and Twelve in her post-conviction proceedings, *see* Exs. 19-20, Doc. 11-1, at 221-80, she did not pursue them through all levels of the Ohio courts. In her *pro se* post-conviction petitions to the trial court, Petitioner raised many arguments. *See* Exs. 19-20, Doc. 11-1, at 221-80. However, in her counseled appeal of the trial court's denial of her post-conviction petition, Petitioner raised two procedural assignments of error:

I.  The lower court erred by summarily dismissing Heckathorn's petition for post-conviction relief without an evidentiary hearing.

II. The lower court erred by summarily dismissing Heckathorn's petition for post-conviction relief without making and filing findings of fact and conclusions of law.

(Ex. 26, Doc. 11-1, at 340). In connection with her first assignment of error, Petitioner argued three ineffective assistance of counsel claims. *Id.* at 346. She argued trial counsel was ineffective for: (1) failing to move for a change of venue in response to negative media attention; (2) failing to properly discredit state witness Brandi Cope with information including her criminal record; and (3) failing to demonstrate how the prosecution engaged in misconduct regarding text messages, including failing to turn over potentially exculpatory messages. *Id.* Petitioner argued the trial court should have held a hearing on these claims because she attached evidence outside the trial record in support. *See id.* (citing attachment of media coverage, Ms. Cope's criminal record, and text messages allegedly not turned over in discovery). By not raising her other previously-cited arguments in this appeal, Petitioner defaulted them even if they were properly raised to the trial court.

Specifically, as it relates to Ground One, Petitioner raised claims to the trial court that witness Brandi Cope's testimony was based on hearsay, and prosecutors committed misconduct in introducing the testimony. (Ex. 19, Doc. 11-1, at 224-25; Ex. 20, Doc. 11-1, at 265-67). She raised

these claims under headings including, *inter alia*, "ineffective assistance of counsel" and "prosecutorial misconduct". *See* Ex. 19, Doc. 11-1, at 224, 265. But she made no specific argument – as she does now in Ground One – regarding prosecutorial misconduct. Further, on appeal from the denial of post-conviction relief, Petitioner argued this claim solely as an ineffective assistance of counsel claim as set forth above. *See* Ex. 26, Doc. 11-1, at 346-47. As such, she cannot be said to have "fairly presented" her current prosecutorial misconduct claim (even if it could be said to be one "outside" the record and properly brought in post-conviction) to the Ohio courts. *See Wong*, 142 F.3d at 322.

Petitioner similarly attempted to raise something similar to Ground Nine – which involves allegations that prosecutors withheld "exculpatory and inculpatory evidence" in the form of text messages. (Doc. 1, at 22). *See* Ex. 19, Doc. 11-1, at 226; Ex. 26, Doc. 11-1, at 347 (raising this claim not as a *Brady* claim, but as an ineffective assistance of counsel claim). Petitioner has thus defaulted Ground Nine by failing to raise it in its current form before the Ohio courts. *See Wong*, 142 F.3d at 322. Further, even if the claim were preserved, the state appellate court rejected it, finding it factually unsupported:

> {¶34} The last claim concerns text messages that were allegedly recovered, but not disclosed to Appellant through discovery. Appellant claims the undisclosed text messages show the victim used drugs. In the messages provided, the victim does talk about smoking and "smke [sic] a blunt." The claim that they were not disclosed, however, appears to be unfounded. The alleged text messages that were allegedly not disclosed through discovery are attached to the petition. Appellant does not state how she uncovered these messages if they were not provided during discovery. Furthermore, the record indicates that text messages (in general) were disclosed to counsel and Appellant. Counsel was aware of the text messages and referenced the text messages in the opening statement. Thus, there is nothing in the record to suggest these text messages were not disclosed other than her mere allegation that they were not.

*State v. Heckathorn*, 2020-Ohio-1107, at ¶ 34 (Ohio Ct. App.) ("*Heckathorn II*"). Petitioner has failed to present the "clear and convincing" evidence required to overcome these findings of fact.

28 U.S.C. § 2254(e)(1). Thus, even if Petitioner had properly exhausted this claim through all levels of the Ohio courts – and she did not – she would not be entitled to relief.

Ground Ten – raising a prosecutorial misconduct claim regarding Detective Haugh's "interpretation" of text messages without taking an interpreter's oath – is also defaulted. Petitioner attempted to raise this claim in her post-conviction petition, but only cited Ohio Evidence Rule 604 in support thereof (not federal law). (Ex. 20, Doc. 11-1, at 267-68). And this issue was not further raised in her appeal. (Ex. 26, Doc. 11-1, at 339-65). Moreover, this claim is clearly based upon the trial record and should have been raised on direct appeal, and was not. Thus, this claim is procedurally defaulted.

Petitioner also attempted to raise some version of Ground Eleven – a Confrontation Clause claim – in her post-conviction proceedings. *See* Ex. 19, Doc. 11-1, at 224; Ex. 20, Doc. 11-1, at 265-66. But she did not specifically raise it as a Confrontation Clause claim, but rather only as the admission of "third-hand hearsay". *See id.* Moreover, she did not further raise it in her post-conviction appeal. *See* Ex. 26, Doc. 11-1, at 339-65. As such, this claim – even if it could be read to be based on claims outside the trial record – is procedurally defaulted.

The analysis for Ground Twelve is much the same as Ground Eleven. In Ground Twelve, Petitioner raises a claim of trial court error, prosecutorial misconduct, and ineffective assistance of counsel for the admission of a polygraph test at trial. (Doc. 1, at 28). Petitioner attempted to include a claim regarding the admission of the polygraph in her post-conviction petition (Ex. 19, Doc. 11-1, at 234-35; Ex. 20, Doc. 11-1, at 278), but did not repeat the claim in her post-conviction appeal, *see* Ex. 26, Doc. 11-1, at 339-65. Therefore, even if the claim could be said to be based outside the trial record and thus properly raised in post-conviction proceedings rather than direct appeal, it is still procedurally defaulted.

12

In conclusion, to the extent any of these claims – Grounds One, Three, Nine, Ten, Elven, Twelve, or Thirteen – were based on the trial record, they are procedurally defaulted because Petitioner failed to raise them on direct appeal. And further, to the extent any such claim was based on evidence outside the trial record, they are still procedurally barred as set forth above. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (if a petitioner fails to fairly present a federal habeas claim to the highest state court and has no remaining state remedies, then the petitioner has procedurally defaulted that claim).

Indeed, the state appellate court evaluating the post-conviction claims raised on appeal found they were largely claims based on the trial record and thus barred by *res judicata*:

> In conclusion, when considering the arguments, it could be determined that most, if not all, of these arguments could have been made in the direct appeal and thus, were not matters outside the scope of the record. Accordingly, they were barred by res judicata. However, even if these arguments were proper for a post-conviction relief petition, Appellant cannot demonstrate counsel was deficient and/or she was prejudiced. Thus, the trial court did not abuse its discretion in dismissing the petition.

*Heckathorn II*, 2020-Ohio-1107, ¶ 37.

The Court therefore finds no error in the R&R's determination that Grounds One, Three, Nine, Ten, Eleven, Twelve, and Thirteen are procedurally defaulted. This Court may therefore not reach the merits of such claims unless Petitioner has shown cause and prejudice or a miscarriage of justice to overcome/excuse the default. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

*Cause and Prejudice*

Petitioner cites her *pro se* status, and explains she "lacked the experience and resources necessary to fully adhere to the constitutional constraints surrounding properly procedurally presented claims". (Doc. 33, at 24). She further contends her post-conviction counsel failed to raise

her post-conviction petition claims to the Ohio Supreme Court, but instead "chose to raise two issues that were not the substantive issues that [Petitioner] had previously raised." *Id.* at 25.

A federal habeas court will not review a procedurally defaulted claim unless the petitioner can show either cause for the default and actual prejudice from the alleged constitutional violation, or that failure to consider the claim would result in a "fundamental miscarriage of justice". *Coleman*, 501 U.S. at 750.

"Cause" to excuse default consists of "some objective factor external to the defense," which precludes a petitioner's ability to pursue her claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "An attorney's failure to preserve a claim before the state court [does] not constitute cause for excusing procedural default." *Johnson v. Wilson*, 187 F. App'x 455, 458 (6th Cir. 2006) (citing *Murray*, 477 U.S. at 488). And the Sixth Circuit has held a petitioner's ignorance of legal and procedural requirements, *pro se* status, and limited access to the prison's library are insufficient to demonstrate cause. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

Thus, Petitioner's reliance on her *pro se* status and lack of procedural or legal knowledge cannot serve as cause to overcome any procedural defaults. *Bonilla*, 370 F.3d at 498.

Petitioner seemingly asserts ineffective assistance of her post-conviction counsel as cause to excuse the default of Grounds One, Three, Nine, Ten, Eleven, Twelve, and Thirteen. *See* Doc. 33, at 25 ("Unfortunately, counsel chose to raise two issues that were not the substantive issues that [Petitioner] had previously raised and instead, counsel chose only to present two issues raising procedural challenges . . . "). Petitioner was *pro se* in her post-conviction efforts before the trial court (Ex. 19, Doc. 11-1, at 221-59), was represented by counsel in her appeal to the intermediate court (Exs. 26, Doc. 11-1, at 339-69), and proceeded *pro se* before the Ohio Supreme Court (Ex. 33, Doc. 11-1, at 437-55).

14

Ineffective assistance of post-conviction counsel cannot serve as cause in the instant circumstances. Because there is no constitutional right to counsel in state post-conviction proceedings, ineffective assistance of counsel in such proceedings generally does not qualify as cause to excuse a procedural default. *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017); *Coleman v. Thompson*, 501 U.S. 711 (1991).

As such, Petitioner has failed to demonstrate any cause to overcome the default of these grounds, and they remain procedurally defaulted.

*Actual Innocence*

Petitioner further asserts her default can be overcome by her actual innocence. *See* Doc. 33, at 1, 26. To overcome default based on a fundamental miscarriage of justice, a petitioner must present new evidence of her actual innocence. *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013). To advance a credible actual innocence claim, however, the petitioner must support her allegations with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner asserts she "has maintained and continues to maintain, that she is innocent of aiding and abetting Daniel Landsberger in committing murder." (Doc. 33, at 1). But Petitioner has not provided new reliable evidence of innocence. *See Schlup*, 513 U.S. at 324. As such, she cannot overcome the procedural default on this basis.

Merits

The R&R found the federal grounds addressed in Grounds Two, Four, Five, Six, and Seven were properly preserved, but failed on deferential AEDPA merits review. Petitioner clearly

disagrees with the R&R's conclusions and recommendations, but does not point out any specific error therein, instead just reargues the merits of the cited Grounds. *See* Doc. 33, at 26-47. This is insufficient to trigger *de novo* review. *See Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001*)* (to obtain *de novo* review, objections to the R&R must be specific, not "vague, general, or conclusory"). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added). General objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*; *see also Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. 2018) ("Because Andres failed to pinpoint the magistrate judge's alleged errors, he has forfeited his arguments on appeal."); *Fondren v. Am. Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018) ("A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review). Such general objections trigger only clear error review, rather than *de novo* review.

Nevertheless, the Court has carefully reviewed the R&R's merits analysis of Grounds Two, Four, Five, Six, and Seven and finds no error therein.

Evidentiary Hearing / Counsel

In the conclusion of her Objections, Petitioner states generally that she is entitled to an evidentiary hearing. (Doc. 33, at 47). Petitioner previously moved for an evidentiary hearing in this case (Doc. 14), and Judge Clay denied the motion (Doc. 22, at 4-6). Although Petitioner timely requested – and this Court granted – multiple extensions of time to object to that Order, she has

not filed any specific objections thereto in the time provided. *See* Docs. 27, 29, 31, 32 and Non-document orders dated September 15 & 24, 2021.

Finally, at the outset of her objections, Petitioner states that she "is currently seeking the assistance of counsel" regarding her Petition, and preemptively requested the Court's leave to supplement her petition and her objections following counsel's appearance. (Doc. 33, at 2). Regardless of the propriety of such a request, no counsel has appeared on Petitioner's behalf as of the date of this Memorandum Opinion and Order. As such, Petitioner's preemptive request is denied.

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Clay's R&R (Doc. 25) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DENIED and DISMISSED as set forth therein and herein; and it is

ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to her conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

<br>

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE