IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANIELLE L. HECKATHORN,**      CASE NO. 4:20 CV 2820

    Petitioner,

    v.      JUDGE JAMES R. KNEPP II

**WARDEN TERI BALDAUF,**

    Respondent.      **MEMORANDUM OPINION AND ORDER**

### BACKGROUND

*Pro se* Petitioner Danielle L. Heckathorn ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. On August 9, 2021, Magistrate Judge Darrell A. Clay issued a Report and Recommendation ("R&R") recommending the Petition be denied in its entirety. (Doc. 25). On September 28, 2021 – following this Court's grant of an extension of time – Petitioner filed her Objections thereto (Doc. 33), and on January 19, 2022, this Court overruled Petitioner's objections, adopted the R&R, and denied and dismissed the Petition (Doc. 34).

Petitioner has now filed a Motion to Alter or Amend Judgment pursuant to Federal Civil Rule 59. (Doc. 36). For the reasons set forth below, the Court DENIES Petitioner's Motion.

### STANDARD OF REVIEW

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "A motion under Rule 59(e) is not an opportunity to re-argue a case. Thus, parties should not use them

to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted). It is also well-established in the Sixth Circuit that a Rule 59(e) motion is "not a substitute for appeal and does not allow the unhappy litigant to reargue the case." *Bollenbacher v. Comm'r of Soc. Sec.*, 621 F. Supp. 2d 497, 501 (N.D. Ohio 2008) (discussing Rule 59(e)).

## DISCUSSION

Petitioner contends this Court should alter or amend its previous judgment (Doc. 34) denying her Petition for a writ of habeas corpus.

Having carefully reviewed Petitioner's motion, as well as the R&R, Petitioner's previously-filed objections and the Court's prior rulings, the Court finds Petitioner has not pointed to anything satisfying the Rule 59(e) standard.

First, Petitioner contends the Court overlooked a "clearly . . . specific objection" that she objected to the recommendation that parts of Grounds Two, Five, Six, Seven, Eight, and Fourteen be dismissed as non-cognizable. (Doc. 36, at 3); *see* Doc. 33, at 20. But the Court previously addressed Petitioner's arguments regarding Grounds Two, Five, Six, Seven, Eight, and Fourteen, explaining it found the R&R's recommendation that these grounds be dismissed in part as non-cognizable and denied in part on the merits supported and correct. *See* Doc. 34, at 5-8, 15-16. Petitioner's broad arguments regarding due process do not change the Court's prior analysis.

Second, as to Petitioner's claim regarding an evidentiary hearing, the Magistrate Judge denied Petitioner's motion requesting such a hearing. (Doc. 22, at 4-6). As the Court previously noted, Petitioner sought – and was granted – additional time to object to this determination, but did not specifically do so. *See* Docs. 27, 29, 31, 32, and Non-document orders dated September 15 & 24, 2021. Petitioner contends that she did so "within her Objections". (Doc. 36, at 4). Although

Petitioner made reference in her objections to some of the evidence she sought to develop in an evidentiary hearing, *see* Doc. 33, at 27-28, 31, 34, 39-40, she did not specifically address the Magistrate Judge's order denying her motion for a hearing. *See Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. 2018) ("Because Andres failed to pinpoint the magistrate judge's alleged errors, he has forfeited his arguments on appeal."); *Fondren v. Am. Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018) ("A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review).

Petitioner's argument centers on the assertion that a hearing is necessary to establish her innocence. She contends her co-defendant told police that he was the sole perpetrator of the crime, and that she had no part in the murder and that an evidentiary hearing regarding these statements is necessary. *See* Doc. 14-1. She further contends that it was due to ineffective assistance of trial counsel that these statements were not presented to the jury. *Id.* at 4-5.

The Magistrate Judge explained that "as a co-defendant, Mr. Landsberger was not required to testify to any allegedly exculpatory evidence as to Ms. Heckathorn's trial or conviction." (Doc. 22, at 5) (citing *Ross v. United States*, 339 F.3d 483, 493-94 (6th Cir. 2003)). He continued, noting that Petitioner "may not use a habeas proceeding as a forum to achieve Mr. Landsberger's testimony and make an end-run around the state court's procedure." *Id.* (citing *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011)). The Court agrees with this analysis, and further notes that Plaintiff's proposed evidence simply does not meet the demanding standard for actual innocence set forth in *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to advance a credible actual innocence claim, petitioner must support her allegations with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

3

evidence—that was not presented at trial"). Petitioner asserts her co-defendant told police he was the "sole perpetrator" and that Petitioner was not involved. *See* Doc. 14-1, at 1. But even taken at face value this does not satisfy the actual innocence standard – that is, that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [her]." *Schlup*, 513 U.S. at 327-28. This is so because it ignores the evidence presented at trial upon which the jury reasonably relied to find Petitioner guilty of complicity to commit murder. *See State v. Heckathorn*, 2019-Ohio-1086, at ¶¶ 3-31; 36-49 (Ohio Ct. App.). As such the Court overrules Petitioner's objection to the Magistrate Judge's Order denying her request for an evidentiary hearing.

Nothing in Petitioner's motion convinces the Court that its prior decision was clearly erroneous. To the extent Petitioner disagrees with this Court's prior determination, her proper remedy is an appeal.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Petitioner's Motion to Alter or Amend Judgment (Doc. 36), be and the same hereby is DENIED; and the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE